IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIA C. TAPIA d/b/a § | |
| GRUPO HONDURAS § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-03-227 |
| § | |
| WING BRIDGE SHIPPING CO., INC. § | |
| *in personam,* the M/V BEACON STRAIT, § | |
| her engines, equipment, tackle, cargo, § | |
| apparel, etc., *in rem,* § | |
| Defendants. § | |

## ANSWER AND COUNTERCLAIM OF
## <u>DEFENDANT WING BRIDGE SHIPPING CO., INC.</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Wing Bridge Shipping Co., Inc., one of the Defendants herein and files this, its Answer and Counterclaim to the Original Complaint ("Complaint") filed by Plaintiff herein, and would respectfully show unto this Honorable Court as follows:

**I.**

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II.**

### SECOND DEFENSE

Subject to and without waiving any of the other defenses and for further answer, if same be necessary, Defendant answers the allegations contained within the separately numbered paragraphs of the Complaint as follows:

1. Defendant admits that this is an admiralty and maritime claim brought pursuant to Fed.R.Civ.P.9(h), but, except as so admitted, denies the remaining allegations of paragraph 1.01 of the Complaint that pertain to this Defendant.

2. Defendant denies the allegations contained within paragraph 1.02 of the Complaint.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations contained within paragraph 2.01 of the Complaint. To the extent an answer is required, those allegations are denied.

4. Defendant admits that it is a Florida corporation with its principal office and place of business in Jupiter, Florida, but except as so admitted, denies the remaining allegations contained in paragraph 2.02 of the Complaint.

5. Defendant denies that it is or was at any time, the owner of the M/V BEACON STRAIT and is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 2.03 of the Complaint. To the extent an answer is required, those remaining allegations are denied.

6. Defendant admits that in or about October 2002, a booking note contract was entered into between Defendant and Grupo Honduras, but except as so admitted, denies the remaining allegations contained within paragraph 3.01 of the Complaint.

7. Defendant denies the allegations contained within paragraph 3.02 of the Complaint and respectfully refers the Court to the terms and conditions of the booking note agreement

8. Defendant denies the allegations contained within paragraph 3.03 of the Complaint.

9. Defendant denies the allegations contained within paragraph 3.04 of the Complaint.

10. Defendant denies the allegations contained within paragraph 3.05 of the Complaint.

11. Defendant denies the allegations contained within paragraph 3.06 of the Complaint.

to deny the allegations contained within that paragraph. To the extent an answer is required of this Defendant, those allegations are denied.

13. Defendant denies the allegations contained within paragraph 5.01 of the Complaint.

14. Since the allegations contained within paragraph 6.01 refer to another Defendant in this litigation, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within that paragraph. To the extent an answer is required, Defendant denies those allegations.

15. Since the allegations contained within paragraph 6.02 pertain to another Defendant in this litigation, Defendant is without sufficient knowledge or information to admit or deny those allegations. To the extent an answer is required, those allegations are denied.

16. Defendant denies the allegations contained within paragraph 7.01 of the Complaint.

17. Defendant denies the allegations contained within paragraph 7.02 of the Complaint.

18. Since the allegations contained within paragraph 7.03 of the Complaint pertain to another Defendant, Defendant is without knowledge or information to admit or deny those allegations. To the extent an answer is required, those allegations are denied.

19. Defendant denies the allegations contained within paragraph 8.01 of the Complaint and specifically denies that pursuant to admiralty and maritime law, Plaintiff is entitled to recover any attorneys' fees in connection with this litigation.

20. Paragraphs 9.01 through 9.08 inclusive of the Complaint, are only a recitation of Plaintiff's prayer for relief in this case and do not require any response from this Defendant. To the extent any answer is required, however, the allegations contained within paragraphs 9.01 through 9.08 are denied in their entirety.

III.

## THIRD DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant would show that it is entitled to any and all defenses provided in the applicable booking note, bills of lading, charter parties, and/or such other and further contractual documentation as may be applicable in the premises, specifically including, but not limited to, any choice of law, choice of forum and/or arbitration clauses contained in said documentation.

IV.

## FOURTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant would show that it is entitled to the defenses and limitations provided in the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.A. §13.01 *et seq.*, and the Harter Act, 46 U.S.C.A. §191 *et seq.* and/or the general maritime law.

V.

## FIFTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant would show as a defense to the Complaint that Plaintiff's damages, if any, were the result of acts or omissions of third parties beyond the control of Defendant, and therefore, Defendant is not legally responsible.

VI.

## SIXTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant would show as a defense to the Complaint that Plaintiff's recovery is barred in whole or in part due to Plaintiff's failure to mitigate damages.

## VII.

## SEVENTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant would show as defense to the Complaint that damages, if any, are subject to the Five Hundred Dollar per package limitation provided by COGSA, 46 U.S.C.A. §1304(I).

## VIII.

## EIGHTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant would show that Plaintiff is not the real party in interest as to all or part of the claim alleged.

## IX.

## NINTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant specifically denies that Plaintiff is entitled to recover attorneys' fees and costs against this Defendant in this case.

## X.

## TENTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant would show that the damages complained of were caused in whole or in part by the culpability, acts and/or omissions and/or failure of performance of conditions precedent on the part of Plaintiff, which serve to defeat and/or offset any recovery against Defendant, in whole or in part.

## XI.

## ELEVENTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant claims the benefit of any and all contract terms and conditions that extend rights to Defendant as a third-party beneficiary thereunder.

## XII.

## TWELFTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant asserts that Plaintiff's claims are barred by the applicable Statute of Limitations or *laches* applicable in this case.

## XIII.

## THIRTEENTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant asserts the affirmative defenses of assumption of the risks, contributory negligence, statute of frauds, and waiver.

## XIV.

## FOURTEENTH DEFENSE

Without waiving the foregoing and for further answer, if same be necessary, Defendant asserts the affirmative defenses of improper venue under Rule(b)(3) and lack of jurisdiction over the person under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## COUNTERCLAIM

**COMES NOW** Wing Bridge Shipping Co., Inc. as Counter-claimant, and for its counterclaim against Maria C. Tapia, d/b/a Grupo Honduras, as Counter-defendant, would respectfully show unto this Honorable Court as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. §1333, in that it is an action upon a maritime contract.

2. Counter-plaintiff is a Florida corporation that maintains its principal office and place of business in Jupiter, Florida, and has been sued as a Defendant in this litigation.

3. Counter-defendant has judicially admitted that it entered into a contract with Counter-plaintiff with respect to certain cargo.

4. Counter-plaintiff has performed all duties and obligations due and owing under its contract with Counter-defendant.

5. Counter-defendant has breached, violated, and failed to perform its duties and obligations under its contract with Counter-plaintiff, resulting in deadfreight and other damages to Counter-plaintiff as a direct and proximate result of Counter-defendant's breach.

6. No action of Counter-plaintiff caused or contributed to the deadfreight and other damages suffered by Counter-plaintiff, those damages being solely the fault and responsibility of Counter-defendant.

7. As a result of Counter-defendant's breach of contract, Counter-defendant has suffered damages, as nearly as the same can now be estimated, in the amount of $15,000.

WHEREFORE, Wing Bridge Shipping Co., Inc., as Defendant, respectfully requests this Court to dismiss Plaintiff's claim in its entirety and that Wing Bridge be awarded its costs of Court, and such other and further damages as this Court may deem appropriate in the circumstances and further, Wing Bridge Shipping Co., Inc., as Counter-plaintiff, respectfully requests the entry of judgment against Counter-defendant, Maria C. Tapia, d/b/a Grupo Honduras, for the full amount of its damages, together with pre-judgment interests and costs and such other and further relief as this Court may deem just in the circumstances.

Respectfully submitted,

_[signature]_

Robert J. Ryniker
(TBA No. 17498200; Fed. I.D. 3225)
5847 San Felipe, Ste 4600
Houston, TX 77057
Telephone: 713-871-8822
Facsimile:  713-871-8844

**ATTORNEY-IN-CHARGE FOR DEFENDANT
WING BRIDGE SHIPPING CO., INC.**

**Of Counsel:**
**BELL, RYNIKER, LETOURNEAU & NORK, P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy fo the foregoing Answer and Counterclaim of Wing Bridge Shipping Co., Inc. was served via certified mail, return receipt requested, upon the following counsel of record on this 15th day of January, 2004:

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

Attorneys for Plaintiff

_[signature]_
Robert J. Ryniker