IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA C. TAPIA d/b/a | § | |
| GRUPO HONDURAS | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-227 |
| | § | |
| WING BRIDGE SHIPPING CO., INC. | § | |
| *in personam*, the M/V BEACON STRAIT, | § | |
| her engines, equipment, tackle, cargo, | § | |
| apparel, etc., *in rem*, | § | |
| Defendants. | § | |

## DEFENDANT WING BRIDGE SHIPPING CO., INC.'S
## MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Wing Bridge Shipping Co., Inc. ("Wing Bridge") files this Motion pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss or transfer this litigation in accordance with 28 U.S.C. § 1406 (a) and in support thereof, would respectfully show unto this Honorable Court as follows:

1.    On or about December 16, 2003, Plaintiff Maria C. Tapia, d/b/a Grupo Honduras ("Plaintiff") filed this litigation against Defendant Wing Bridge *in personam,* as well as a vessel, *in rem,* seeking damages for an alleged breach of a maritime contract between Plaintiff and Wing Bridge. Venue is improper in this Honorable Court. Therefore, this Court should dismiss, or in the alternative, transfer this litigation to the United States District Court for the Southern District of Florida, West Palm Beach Division.

2.    Venue is improper in this district. Plaintiff has judicially admitted the Contract existing between the parties and in fact, has attached a copy thereof to the Original Complaint. *See* Exhibit A, Liner Bill of Lading.[1]

---

[1] Attached for the Court's convenience as part of Exhibit A, is a clearer copy of the same document that Plaintiff has judicially admitted to in the Original Complaint.

3.    The Contract provides in relevant part as follows:

"It is hereby agreed that this Contract shall be performed subject to the terms contained on page 1 and 2 hereof which shall prevail over any previous arrangements and shall in turn be superseded (except as to deadfreight and demurrage) by the terms of the Bill of Lading, the terms of which (in full or in extract) are found on the reverse side hereof." See Exhibit A, Liner Bill of Lading, pg. 2.

4.    Paragraph 3 of the Liner Bill of Lading terms offered by Plaintiff, provides with respect to jurisdiction as follows:

"Jurisidiction.  Both the Carrier and the Merchant expressly agree that should any dispute arise concerning the shipment made under this Bill of Lading exclusive original jurisdiction shall lie in the *United States Federal Court in Palm Beach County, Florida*. However, upon receipt of Service of Process issued out of the Federal Court in Palm Beach County, the party defending any dispute may, within thirty days of said receipt of service, elect to proceed instead in arbitration in the city of Jupiter, Florida under the rules of the Society of Maritime Arbitrators.  Such election shall then be binding upon both parties, and each party shall name one arbitrator, with the two arbitrators so chosen nominating an umpire." (emphasis added)  See Exhibit A, Liner Bill of Lading, pg. 1.

5.    The forum selection clause is clearly binding upon Plaintiff.   A forum selection clause is *prima facie* valid and should be enforced unless the resisting party shows that enforcement would be unreasonable.  *See Seattle-First Nat'l Bank v. Manges,* 900 F.2d 795, 799 (5th Cir.1990), citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct 1907, 1913, 32 L.E.2d 513 (1972).

6.    Because Plaintiff has filed suit in an improper district, the Court should dismiss this litigation, or in the alternative, transfer it to the United States District Court for the Southern District of Florida, West Palm Beach Division.

WHEREFORE, Defendant Wing Bridge Shipping Co., Inc., respectfully requests that the Complaint be dismissed, or in the alternative, that this action be transferred to a United States District Court for the Southern District of Florida, West Palm Beach Division, and that Defendant have such other and further relief as may be just under the circumstances.

2

Respectfully submitted,

Robert J. Ryniker
(TBA No. 17498200; Fed. I.D. 3225)
5847 San Felipe, Ste 4600
Houston, TX 77057
Telephone:  713-871-8822
Facsimile:   713-871-8844

**ATTORNEY-IN-CHARGE FOR DEFENDANT
WING BRIDGE SHIPPING CO., INC.**

**Of Counsel:**
**BELL, RYNIKER, LETOURNEAU & NORK, P.C.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served via certified mail, return receipt requested, upon the following counsel of record on this 15th day of January, 2004:

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

***Attorneys for Plaintiff***

Robert J. Ryniker

3