

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIA C. TAPIA, d/b/a § | |
| GRUPO HONDURAS § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-03-227 |
| § | |
| WING BRIDGE SHIPPING CO., INC. § | IN ADMIRALTY |
| *in personam*, the M/V BEACON STRAIT, § | |
| her engines, equipment, tackle, cargo, § | |
| apparel, etc., *in rem*, § | |
| Defendants. § | |

## JOINT CASE MANAGEMENT PLAN PURSUANT TO RULE 26(f)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff and Defendant in the above entitled and numbered cause and files this their Joint Case Management Plan Pursuant to Rule 26(f), and would respectfully show unto the Court as follows:

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

A telephonic discussion was held between defense counsel, Robert J. Ryniker and Plaintiff counsel, Dennis Sanchez, on Tuesday, April 6, 2004, and on Thursday, April 8, 2004.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

None.

3. <u>Briefly</u> describe what this case is about.

This case is an admiralty case pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff has filed an *in personam* claim against Wing Bridge Shipping Co., Inc. and an *in rem* claim against the M/V Beacon Strait. Plaintiff alleges that Wing Bridge failed to comply with certain

agreements which were made to carry cargo from Port Isabel, Texas to Honduras, and as a result Plaintiff has allegedly suffered damages. The Defendant has filed an Answer and Counterclaim denying that it is liable to the Plaintiff. By way of counterclaim, it states that because of Plaintiff's breach of contract, Defendant has allegedly suffered damages.

4. Specify the allegation of federal jurisdiction.

Federal maritime jurisdiction has been alleged pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff has also alleged pendent jurisdiction by virtue of diversity of parties and the amount in controversy pursuant to 28 U.S.C.A. 1332.

5. Name the parties who disagree and the reasons.

The parties disagree in almost all respects, save and except, the allegations of jurisdiction. Defendant has filed a Motion to Dismiss or Transfer for Improper Venue, and Plaintiff is not in agreement to transferring venue. The balance of the substantive matters are in dispute.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7. List anticipated interventions.

None.

8. Describe class action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties intend to serve their initial disclosures on or before June 30, 2004.

10. Describe the proposed agreed discovery plant, including:

a. Responses to all the matters raised in Rule 26(f);

See responses to parts (b) through (h) below.

b. When and to whom the plaintiff anticipates it may send interrogatories;

   Plaintiff anticipates sending Interrogatories and other written discovery to Defendant by July 31, 2004.

c.  When and to whom the defendant anticipates it may send interrogatories;

   Defendant anticipates sending Interrogatories and other written discovery to Plaintiff by August 31, 2004.

d.  Of whom and by when the plaintiff anticipates taking oral depositions;

   Plaintiff anticipates taking the depositions of Niko A. Tomc, who is an employee of Defendant, as well as a designated corporate representative of Defendant. Through the discovery process it may become apparent that other and further depositions may be required. Therefore, upon the discovery of other deponents, this Joint Case Management Plan may be amended and the afore mentioned dates altered. Plaintiff anticipates that the foregoing depositions can be completed by October 31, 2004.

e.  Of whom and by when the defendant anticipates taking oral depositions;

   Defendant anticipates it will at least depose Maria C. Tapia and Eugenio Tapia, and anticipates that these depositions can be completed by December 31, 2004. Through the discovery process it may become apparent that other and further depositions may be required. Therefore, upon the discovery of other deponents, this Joint Case Management Plan may be amended and the afore mentioned dates altered.

f.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;

   Plaintiff will designate its experts by January 15, 2005. Defendant will designate its experts by February 15, 2005.

g.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report); and

   All expert depositions can be completed by March 31, 2005. The identity of experts is not known at this time.

h.  List exert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

All expert depositions can be completed by March 31, 2005. The identity of experts is not known at this time.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties agree.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

All discovery can reasonably completed by March 31, 2005.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

At the appropriate time, and after reasonable discovery, the parties will consider voluntary mediation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have discussed future negotiation plans and the merits of the parties' claims and defenses.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state which technique may be effectively used in this case.

Mediation may be suitable after some discovery has been conducted.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not consent to trial by a magistrate at this time.

18. State whether a jury demand has been made and if it was made on time.

No jury demand has been made.

19. Specify the number of hours it will take to present the evidence in this case.

The parties agree this case will take approximately 8 hours, or approximately one day, to present evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Defendant's Motion To Dismiss or Transfer for Improper Venue could be ruled on at the pretrial conference.

21. List other motions pending.

None.

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the Court at the conference.

None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The Disclosure of Interested Parties was filed by Plaintiff on March 3, 2004.
Defendant filed its Disclosure of Interested Parties on February 19, 2004.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| MARIA C. TAPIA | WING BRIDGE SHIPPING CO., INC. |
| | |
| Dennis Sanchez | Robert J. Ryniker |
| State Bar No. 17569600 | State Bar No. 17498200 |
| Federal I.D. 1594 | Federal I.D. No. 3225 |
| SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P. | BELL, RYNIKER, LETOURNEAU & NORK, P.C. |
| 100 North Expressway 83 | 5847 San Felipe, Suite 4600 |
| Brownsville, Texas 78521-2257 | Houston, TX 77057 |
| Telephone: 956-546-3731 | Telephone: 713-871-8822 |
| Facsimile: 956- 546-3765 and 66 | Facsimile: 713-871-8844 |

Respectfully submitted,

_____  4/12/04
Counsel for Plaintiff      Date

_____  April 12, 2004
Counsel for Defendant      Date